Whalen, J.
(dissenting in part). Respectfully, I dissent with the majority insofar as they conclude that Supreme Court erred *1252 in denying that part of defendants’ motion for summary judgment dismissing the Labor Law § 241 (6) cause of action. I would therefore affirm the order insofar as it denied that part of the motion. Contrary to the majority’s determination, I conclude that defendants’ submissions raised a triable issue of fact whether plaintiff was using the sidewalk as a passageway when the accident occurred. Thus, in my view, defendants failed to meet their burden of demonstrating that 12 NYCRR 23-1.7 (e) (1) is inapplicable to the facts of this case.
“12 NYCRR 23-1.7 (e) (1) does not exempt any construction site ‘passageway’ from its scope; it clearly requires that ‘[a]ll passageways shall be kept free from . . . obstructions or conditions which could cause tripping’ ” (Smith v McClier Corp., 22 AD3d 369, 370 [2005]). Responsibility under Labor Law § 241 (6) “extends not only to the point where the . . . work was actually being conducted, but to the entire site” (id. at 371 [internal quotation marks omitted]).
As noted by the majority, in this case plaintiff was exiting a portable toilet when he tripped over the curb of a sidewalk on which the toilets were located. The sidewalk bordered a parking lot and ran along the front of the health center, in which plaintiff had been working on the date of the accident. The portable toilets were placed on the sidewalk for the workers to use and thus were part of the entire work site.
Further, the purpose of a sidewalk is to provide a surface upon which a person may safely pass from one location to another. The record establishes that a worker could not access the portable toilets without stepping on the sidewalk. Thus, there is evidence that the sidewalk was a passageway that provided workers access to the portable toilets. Moreover, the record establishes that, when the door to a portable toilet opened onto the sidewalk, it created a very narrow area of the sidewalk upon which a person could step when exiting the toilet. Defendants submitted the deposition testimony of the project superintendent for defendant LPCiminelli, Inc. (Ciminelli), in which he testified that plaintiff could have exited the toilet, turned right, and walked down the sidewalk back to the work site. Instead, plaintiff chose to walk straight into the parking lot and thus tripped over the curb of the sidewalk at issue. The fact that Ciminelli’s own employee testified that plaintiff could have walked on the sidewalk at issue back to the work site is sufficient to create a triable issue of fact whether that sidewalk was a passageway on which plaintiff was injured and thus whether 12 NYCRR 23-1.7 (e) (1) was violated. Present — Centra, J.P, Peradotto, Lindley, Whalen and Martoche, JJ.